UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SCOTT AUERBACH,

                Plaintiff,                        **SUPPLEMENT TO REPORT AND RECOMMENDATION**

-against-

MARK AMIR,                                           06 CV 4821 (RJD)

                Defendant.
------------------------------------------------------X

In its Report and Recommendation in the above-captioned case, dated January 9, 2008 ("Report and Recommendation"), this Court erroneously cited to Conley v. Gibson, 355 U.S. 41, 45-46 (1957) in describing the pleading standard that must be met by a party's complaint in order to withstand a motion to dismiss. The Court recognizes that the relevant portion of Conley v. Gibson was abrogated by Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S. Ct. 1955, 1969 (2007), but finds that even under the "plausibility" standard announced in Twombly, defendant's counterclaims are sufficient to withstand plaintiff's motion to dismiss. See id. at 1974 (requiring "only enough facts to state a claim to relief that is plausible on its face"); see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly as requiring a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible" (emphasis in original)). Here, the Court found that defendant's counterclaims satisfied the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure (see Report and Recommendation at 14-16), and thus clearly satisfy the requirements under Twombly.

Accordingly, the Court continues to respectfully recommend that plaintiff's motion to dismiss defendant's counterclaims be denied.

This Supplement to the Report and Recommendation shall not affect the deadline set forth in the Report and Recommendation for the parties to object.

**SO ORDERED.**

Dated: Brooklyn, New York
January 3 / , 2008

Cheryl L. Pollak
United States Magistrate Judge